UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES A. MARRANCA,

                      Petitioner,

v.                                  **DECISION AND ORDER**
                                              07-CV-859S

COMMISSIONER OF INTERNAL REVENUE
SERVICE, DEBRA K. HURST, and PRECISION
PROCESS EQUIPMENT, INC.,

                      Respondents.

## I. INTRODUCTION

Petitioner James A. Marranca commenced this action, pro se,[1] against Respondents on December 28, 2007, by filing a "Motion to Quash and Motion for Temporary Restraining Order." (Docket No. 1.) Petitioner requests that this Court "(1) quash an illegal levy that has been placed against Petitioner by a member or members of the Internal Revenue Service, and (2) place a temporary restraining order on the company Petitioner works for that prohibits it from acting on the levy." (p. 1, ¶ 1.[2]) In short, Petitioner seeks to prevent the IRS from garnishing his wages under the levy.

Respondents have not yet appeared in this action. At this time, this Court resolves only Petitioner's request for injunctive relief. For the following reasons, Petitioner's request is denied.

---

[1] Petitioner's pro se status entitles his submissions to broad consideration. Because of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This Court has considered Petitioner's submissions accordingly.

[2] All references are to Petitioner's motion — Docket No. 1. Both page and paragraph citations are included because the paragraphs are not numbered sequentially in several sections of the document.

## II.  FACTUAL ALLEGATIONS

According to the allegations in Petitioner's motion, the IRS sent his employer, Respondent Precision Process Equipment, Inc., a Form 668-W(c) Notice of Levy on Wages, Salary, and Other Income on December 3, 2007.  (pp. 4-5, ¶¶ 8-10.)  This form, which is attached to Petitioner's motion as Exhibit B, reflects that Petitioner's total unpaid assessment from tax years 1995, 2001, 2002, and 2003 is $22,303.23.  (p. 5, ¶¶ 12-13 and Exhibit B.)

Petitioner alleges that "the purpose of this form is to induce Precision to give to the IRS funds that Petitioner has earned, thereby violating their fiduciary responsibility to Petitioner."  (p. 6, ¶ 15.)  He further maintains that the IRS's levy and collection efforts are illegal for reasons such as (1) neither the IRS nor its agents have authority over Petitioner (p. 6, ¶ 18), (2) the Fourth Amendment bars the IRS's action because it does not have a warrant or writ from a court of competent jurisdiction (pp.7-9, ¶¶ 21-28), and (3) seizure of his property (wages) violates his Due Process rights because he has not been afforded a hearing (p. 9, ¶¶ 29-31).[3]

More specifically, Petitioner alleges that the IRS has never assessed him for tax years 1995, 2001, 2002, and 2003.  (p. 9, ¶ 32; p. 11, ¶ 41.)  In support of this contention, Petitioner attaches a response he received to a Freedom of Information Act request wherein the IRS stated that "[w]e have no record of tax assessments for the tax years 1996, 2002 and 2003 at the present time, therefore, there is no responsive Record of Assessment for those years."  (p. 9, ¶ 32 and Exhibit D.)  Petitioner therefore maintains

---

[3]Petitioner also suggests in the conclusion of his motion that the federal income tax is altogether unconstitutional because it qualifies as neither a direct nor indirect tax.  (pp. 14-15, ¶¶ 52-58.)

that the IRS is "currently committing a fraud because they are collecting a tax that has not been assessed." (p. 10, ¶ 36.)

Finally, Petitioner alleges that on December 26, 2007, 23 days after the IRS levy notice, he filed returns for tax years 2003, 2004, 2005, and 2006, each of which reflected that he had no tax liability, and each of which requested a refund. (p. 4, ¶ 7.)

### III. DISCUSSION

Injunctive relief "is an extraordinary and drastic remedy which should not be routinely granted." Med. Soc'y of New York v. Toia, 560 F.2d 535, 538 (2d Cir. 1977); see also Borey v. Nat'l Union Fire Ins. Co. of Pittsburgh, 934 F.2d 30, 33 (2d Cir. 1991). "The legal standards for granting a temporary restraining order and a preliminary injunction are the same." Young-Flynn v. Wright, No. 05 Civ. 1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007) (quoting Gund, Inc. v. SKM Enters., Inc., No. 01 Civ. 0882, 2001 WL 125366, at *1 (S.D.N.Y. Feb. 14, 2001)). The movant must demonstrate

> (1) irreparable harm should the injunction not be granted, and
> (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief.

N.A.A.C.P., Inc. v. Town of East Haven, 70 F.3d 219, 223 (2d Cir. 1995) (quoting Resolution Trust Corp. v. Elman, 949 F.2d 624, 626 (2d Cir. 1991)); see also SmithKline Beecham Consumer Healthcare, L.P. v. Watson Pharm., Inc., 211 F.3d 21, 24 (2d Cir. 2000).

But when an injunction or restraining order is sought to prevent the assessment or collection of federal taxes, the Anti-Injunction Act, 26 U.S.C. § 7412, bars such relief because — with certain exceptions not applicable here, see 26 U.S.C. § 7421(a) — courts are prohibited from hearing suits brought "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a); see also Ulloa v. United States, No. 1:06-CV-751, 2006 WL 1763676, at *1 (N.D.N.Y. June 22, 2006).

The United States Supreme Court has recognized that "the object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes." Enochs v. Williams Packing & Nav. Co., 370 U.S. 1, 5, 82 S.Ct. 1125, 1128, 8 L.Ed.2d 292 (1962); see also Falik v. United States, 343 F.2d 38, 40-43 (2d Cir. 1965). Rather, assessments must generally be contested in the United States Tax Court, or in a refund action in federal district court or the Court of Claims after payment of the assessment. See Follum v. United States, No. 98-CV-126A, 1998 WL 419720, at *1 (W.D.N.Y. Apr. 29, 1998) (citing Williams Packing and Falik).

There is, however, one judicial exception to this prohibition, which applies only when the plaintiff (or petitioner) can show that (1) the government cannot ultimately prevail under any circumstances, and (2) equity jurisdiction otherwise exists because the taxpayer would suffer irreparable injury if collection were effected. See Bob Jones Univ. v. Simon, 416 U.S. 725, 745-47, 94 S.Ct. 2038, 2050-52, 40 L.Ed.2d 496 (1974); Williams Packing, 370 U.S. at 7; Gavigan v. Comm'r, Internal Revenue Serv., No. 3:06-CV-942, 2007 WL 1238651, at *9 (D.Conn. Apr. 27, 2007). In assessing whether this exception applies, the court must "take the view of the facts that is most liberal to the Commissioner, not to the

taxpayer seeking injunctive relief." Randell v. United States, 64 F.3d 101, 107 (2d Cir. 1995) (quoting Laino v. United States, 633 F.2d 626, 632 (2d Cir. 1989)); Tucker v. United States, No. 96-CV-6093, 1998 WL 708923, at *2 (E.D.N.Y. Jul. 6, 1998).

Here, considering the facts in Respondents' favor, this Court cannot conclude that the government has no chance of prevailing in this case. Not enough information has been provided to this Court to make such a determination; this Court has only the few, inconclusive documents provided by Petitioner. In any event, Petitioner has not alleged that collection under the Notice of Levy will cause him irreparable harm. Consequently, this Court finds that the judicial exception to the Anti-Injunction Act does not apply, that injunctive relief is barred and not warranted, and that Petitioner's request for a temporary restraining order should be denied.

## IV.  CONCLUSION

For the foregoing reasons, Petitioner's request for injunctive relief will be denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that Petitioner's request for the issuance of a temporary restraining order in his "Motion to Quash and Motion for Temporary Restraining Order" (Docket No. 1) is DENIED.

FURTHER, that Petitioner is directed to serve the summonses he received from the Clerk's Office together with his "Motion to Quash and Motion for Temporary Restraining Order" (Docket No. 1) on Respondents in accordance with the Federal Rules of Civil Procedure.

SO ORDERED.

Dated:   January 4, 2008
         Buffalo, New York

                                            <u>s/William M. Skretny</u>
                                            WILLIAM M. SKRETNY
                                            United States District Judge