UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES A. MARRANCA,

                           Petitioner,
      v.                                        **DECISION AND ORDER**
                                                        07-CV-859S

COMMISSIONER OF INTERNAL REVENUE
SERVICE, DEBRA K. HURST, and PRECISION
PROCESS EQUIPMENT, INC.,

                           Respondents.
_____

      1.      Petitioner James A. Marranca commenced this action, pro se,[1] against Respondents on December 28, 2007, by filing a "Motion to Quash and Motion for Temporary Restraining Order." (Docket No. 1.) Petitioner requested that this Court "(1) quash an illegal levy that has been placed against Petitioner by a member or members of the Internal Revenue Service, and (2) place a temporary restraining order on the company Petitioner works for that prohibits it from acting on the levy." (Docket No. 1, p. 1, ¶ 1.) In short, Petitioner sought an order from this Court preventing the IRS from garnishing his wages under the levy.

      2.      On January 4, 2008, this Court filed a Decision and Order denying Petitioner's motion. (Docket No. 2.) In short, this Court found that the issuance of an injunction or restraining order prohibiting the assessment or collection of federal taxes is barred by the Anti-Injunction Act, 26 U.S.C. § 7412. Under that Act, courts are prohibited

---

[1] Petitioner's pro se status entitles his submissions to broad consideration. Because of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This Court has considered Petitioner's submissions accordingly.

from hearing suits brought "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a); see also <u>Ulloa v. United States</u>, No. 1:06-CV-751, 2006 WL 1763676, at *1 (N.D.N.Y. June 22, 2006).  On January 28, 2008, Petitioner filed a Motion for Reconsideration of this decision.

       3.     A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment.  See <u>In re United States</u>, 733 F.2d 10, 13 (2d Cir. 1984).  Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice.  See <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir.1992); see also <u>Amerisure Ins. Co. v. Laserage Tech. Corp.</u>, No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing <u>United States v. Adegbite</u>, 877 F.2d 174, 178 (2d Cir. 1989)).

       4.     The decision whether to grant or deny a motion to reconsider lies in this Court's discretion.  See <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983).  Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." <u>Duane v. Spaulding and Rogers Mfg. Inc.</u>, No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting <u>McDowell Oil Serv. v. Interstate Fire and Cas.</u>, 817 F.Supp. 538, 541 (M.D.Pa. 1993)).  Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised prior to the decision.  See <u>Duane</u>, 1994 WL 494651 at *1.  After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one

additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

5. Upon careful consideration of Petitioner's motion, this Court is not convinced that its January 4, 2008 Decision and Order must be revisited. Petitioner has not persuasively alleged any of the three circumstances under which reconsideration may be warranted. See Virgin Atl. Airways, 956 F.2d at 1255. Instead, he simply reargues and reiterates his position already raised on the initial motion for injunctive relief.

6. Petitioner is obviously dissatisfied and disagrees with this Court's prior decision. But use of a motion to reconsider as a vehicle to reargue a case is improper. See Nossek, 1994 WL 688298 at *1; United States v. Chiochvili, 103 F.Supp.2d 526, 530-31 (N.D.N.Y. 2000) (reargument is not a proper basis for a motion to reconsider); Schonberger, 742 F.Supp. at 119 ("the provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided"). Accordingly, Petitioner's Motion for Reconsideration is denied.

IT HEREBY IS ORDERED, that Petitioner's Motion for Reconsideration (Docket No. 4) is DENIED.

SO ORDERED.

Dated: January 29, 2008
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge